JANETTE K. BRIMMER (WSB #41271)
MATTHEW R. BACA (WSB #45676)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104-1711
(206) 343-7340 | Phone
(206) 343-1526 | Fax
jbrimmer@earthjustice.org
mbaca@earthjustice.org

*Attorneys for Plaintiffs Puget Soundkeeper Alliance,*
*Center for Justice, RE Sources for Sustainable Communities,*
*Pacific Coast Federation of Fishermen's Associations, and*
*Institute for Fisheries Resources*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, CENTER FOR JUSTICE, RE SOURCES FOR SUSTAINABLE COMMUNITIES, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, and INSTITUTE FOR FISHERIES RESOURCES, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and GINA McCARTHY, Administrator, United States Environmental Protection Agency, <br><br> Defendants. | No. <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

INTRODUCTION

1.       Plaintiffs Puget Soundkeeper Alliance, Center for Justice, RE Sources for Sustainable Communities, Pacific Coast Federation of Fishermen's Associations, and the Institute for Fisheries Resources bring suit under the Clean Water Act to secure relief against

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                    -1-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104-1711*
*(206) 343-7340*

ongoing violations by the U.S. Environmental Protection Agency ("EPA") of a non-discretionary duty under the Clean Water Act to promulgate standards necessary to meet the requirements of the Clean Water Act and to protect designated uses, including the consumption of fish.

2. The Clean Water Act requires the Environmental Protection Agency to develop water quality standards necessary to meet the requirements of the Clean Water Act, including to protect designated uses of water, when it determines a state has failed to do so, or when standards applicable in a state are not adequate to protect designated uses or otherwise meet the requirements of the Clean Water Act. 33 U.S.C. § 1313. Designated uses encompass the "fishable and swimmable" protections of the Clean Water Act: protecting and cleaning up our nation's waters such that they are clean enough for drinking, for direct human contact, for fishing or recreation, for healthy aquatic resources, and for catching and consuming fish and shellfish. Water Quality Standards include criteria, often numeric, sometimes narrative, that are necessary to ensure designated uses are attained and protected.

3. One of the ways water pollution adversely affects human health is through the consumption of fish and shellfish that have accumulated toxic water pollutants in fish tissue. Therefore, determining the amount of fish people in a state actually consume is a critical component of setting human health water quality criteria. In setting human health water quality criteria, a state must set the level of toxic pollutants low enough that fish remain safe to eat. If a state sets the foundational water quality standard fish consumption rate lower than the amounts actually consumed, the commensurate human health criteria will be too lenient and people consuming fish will ingest levels of toxins that will put them at risk for adverse health consequences. Failure to adopt human health criteria based on an accurate fish consumption rate

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                    -2-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104-1711*
*(206) 343-7340*

is a failure to promulgate water quality standards that meet the requirements of the Clean Water Act.

4.      Washington's fish consumption rate is set at 6.5 grams per day ("g/day").  As such, it is not reflective of what people in Washington actually eat.  Surveys of various communities in Washington show consumption rates of 200, 300, and even over 500 g/day. Therefore, Washington's human health criteria for toxic water pollutants are inaccurate and are not protective of designated uses.  Washington's human health criteria for toxic water pollutants are not adequate to meet the requirements of the Clean Water Act.

5.      On September 14, 2015, EPA explicitly determined under 33 U.S.C. § 1313(c)(4)(B) that Washington's fish consumption rate and accompanying water quality standards are not adequate.  80 Fed. Reg. 55,063, 55,066-67 (Sept. 14, 2015).

6.      At the same time, EPA issued its own proposed rule to replace the inadequate standards.  *See generally id.*

7.      The issuance of the proposed rule triggered EPA's duty to finalize a protective rule within ninety days.  33 U.S.C. § 1313(c)(4).

8.      EPA has not finalized a rule revising Washington's water quality standards, violating its mandatory duty under the Clean Water Act, 33 U.S.C. § 1313(c)(4).

PARTIES

9.      Plaintiff Puget Soundkeeper Alliance ("PSA") is a non-profit organization, incorporated under the laws of Washington and recognized by the Internal Revenue Service as a tax-exempt organization under Section 501(c)(3) of the Internal Revenue Code.  PSA's donors and supporters fish in Puget Sound, reside on or near or recreate on or near Puget Sound.  PSA is located at 130 Nickerson Street, Suite 107; Seattle, Washington 98109-1658.  PSA's mission is

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                    -3-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104-1711*
*(206) 343-7340*

to protect and preserve the waters of Puget Sound by monitoring, cleaning up, and preventing pollutants from entering its waters.  To accomplish its mission, PSA also actively monitors Puget Sound, enlisting a network of trained volunteers to detect and report pollution.  PSA actively engages government agencies, businesses, and citizens working to regulate pollution discharges from sewage treatment plants, industrial facilities, construction sites, municipalities, and others.  PSA frequently seeks enforcement of the Clean Water Act as part of its work to protect Puget Sound.

10.     Plaintiff Center for Justice, which runs Spokane Riverkeeper, is a non-profit organization, incorporated under the laws of Washington and recognized by the Internal Revenue Service as a tax-exempt organization under Section 501(c)(3) of the Internal Revenue Code.  Spokane Riverkeeper's donors and supporters reside, fish or recreate in the Spokane River Watershed.  Spokane Riverkeeper is located at 35 W. Main Avenue, Suite 300, Spokane, Washington 99201-0119.  Spokane Riverkeeper is dedicated to protecting and restoring the health of the Spokane River Watershed.  Spokane Riverkeeper accomplishes its goals by collaborating, educating, and, when necessary, litigating to preserve the Spokane River's health through the Clean Water Act and other laws.

11.     Plaintiff RE Sources for Sustainable Communities, Inc. ("RE Sources") is a non-profit organization, incorporated under the laws of Washington and recognized by the Internal Revenue Service as a tax-exempt organization under Section 501(c)(3) of the Internal Revenue Code.  RE Sources's donors and supporters reside on or near or recreate on or near the northern Puget Sound.  RE Sources is located at 2309 Meridian Street; Bellingham, Washington 98225-2403.  North Sound Baykeeper ("Baykeeper") is a program of RE Sources.  Baykeeper works to

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                    -4-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104-1711*
*(206) 343-7340*

protect and restore the marine and nearshore habitats of the northern Puget Sound region. Enforcement of Clean Water Act laws and permits is integral to achieving Baykeeper's goals.

12.     Plaintiff Pacific Coast Federation of Fishermen's Associations ("PCFFA") is a trade association of commercial fishing families that works to protect fish and fish habitat from pollution and to promote restoration where fish habitat and health are degraded. PCFFA's principal place of business is in San Francisco, California, and its Northwest Regional Office is located in Eugene, Oregon. PCFFA is the largest organization of commercial fishermen on the west coast. It consists of a federation of 15 smaller commercial fishermen's vessel owners' associations, trade associations, port associations, and marketing associations with membership throughout Washington, Oregon, and California. PCFFA also has "at-large" members who are unaffiliated with any particular fishermen's association but have become individual members of PCFFA. Collectively, PCFFA represents nearly 1,200 west coast commercial fishing families. Many of PCFFA's members derive all or part of their income from the harvesting of fish in or near Washington waters or fish that originate in Washington waters. Failure to adequately protect fish and fish consumers impairs the commercial interests of PCFFA and its members.

13.     Plaintiff Institute for Fisheries Resources ("IFR") is a California non-profit organization that works to protect and restore fish populations and the human economies that depend on them by establishing alliances among fishing men and women, with government agencies, and with concerned citizens. IFR advocates for reforms to protect fish health and habitat throughout the U.S. West Coast and has successfully advocated for dam removals, improved pesticide controls, and enhanced marine and watershed conservation regulations throughout the West Coast. IFR's principle place of business is in San Francisco, California, and IFR also maintains a Northwest Regional Office in Eugene, Oregon. Most of IFR's at least 850

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                -5-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104-1711*
*(206) 343-7340*

contributors are commercial fishermen. IFR and PCFFA have common Board members, general membership, and staff; however, IFR is a separate organization that focuses on marine resources protection and conservation. IFR and its members are directly and indirectly injured by failure to adequately protect fish and fish consumers in Washington.

14.     Defendant United States Environmental Protection Agency is an agency of the United States charged with overseeing and approving or disapproving state water quality standards under 33 U.S.C. § 1313 and ensuring states meet basic water quality standards requirements under the Clean Water Act.

15.     Defendant Gina McCarthy, the Administrator of EPA, is the chief officer of EPA, the federal official ultimately responsible for EPA's administration and implementation of its legal duties. Administrator McCarthy is sued in her official capacity.

16.     Plaintiffs have representational standing to bring this action. EPA's violations of the Clean Water Act have had an adverse impact on Plaintiffs and Plaintiffs' members' ability to use and enjoy water bodies in Washington State and have injured the health, recreational, environmental, aesthetic, commercial, and/or other interests of Plaintiffs and their members. These injuries are fairly traceable to EPA's violations and capable of redress by action of this Court.

17.     Plaintiffs have organizational standing to bring this action. Plaintiffs have been actively engaged in a variety of educational and advocacy efforts to improve water quality and to improve protective health standards, such as the fish consumption rate in the waters of Washington State. EPA's failure to comply with the requirements of the Clean Water Act has adversely affected Plaintiffs. These injuries are fairly traceable to Defendants' violations and are redressable by the Court.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                    -6-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104-1711*
*(206) 343-7340*

## JURISDICTION AND VENUE

18.     This Court has jurisdiction of this matter pursuant to Section 505(a) of the Federal Water Pollution Control Act (hereinafter "The Clean Water Act").  33 U.S.C. 1365(a).  The relief requested is authorized by 33 U.S.C. § 1365(a) and (d).

19.     Venue is properly vested in this Court under 28 U.S.C. § 1391(e) because Plaintiffs PSA and Baykeeper reside and maintain headquarters in the Western District of Washington and because the subject of the Complaint is EPA's inaction with respect to Washington's fish consumption standards and attendant criteria for toxic contaminants.

20.     More than 60 days prior to the filing of this action, the Plaintiffs, pursuant to 33 U.S.C. § 1365, gave notice of the violation to the Administrator of the United States Environmental Protection Agency.  A true and correct copy of the Notice is attached hereto as Exhibit A and incorporated by this reference.

## LEGAL AND FACTUAL BACKGROUND

21.     The CWA requires states to set water quality standards necessary to achieve the requirements of the Clean Water Act:  to restore and maintain the chemical, physical, and biological integrity of the nation's waters, including the protection and propagation of fish and shellfish, and to prohibit pollution to water in toxic amounts.  33 U.S.C. §§ 1251 and 1313. Water quality standards must ensure that designated uses of waters, such as protection of consumption of fish and swimming, are achieved and maintained.  *Id.* and 40 C.F.R. §§ 131.2 and 131.3(i).

22.     A required part of a state's water quality standards is use designations and water quality criteria necessary to protect those designated uses.  40 C.F.R. §§ 131.6 and 131.10.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                    -7-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104-1711*
*(206) 343-7340*

23.     For toxic pollutants, Washington continues to rely on 40 C.F.R. § 131.36, the National Toxics Rule, promulgated by EPA in 1992. 57 Fed. Reg. 60,848 (Dec. 22, 1992). Through its continued reliance on this rule, Washington assumes a designated fish consumption use of only 6.5 g/day.

24.     Starting in 2000, EPA guidance has directed states to move away from relying on the National Toxics Rule for human health water quality criteria, as it is outdated and based upon inaccurate assumptions regarding fish consumption rates underlying the development of human health water quality criteria, and generally not adequately protective of human health. Rather, through the guidance, EPA directed states to set updated fish consumption rates (and attendant human health criteria) that are based on the best available data, particularly local consumer surveys that reflect the amount of fish local populations actually consume in order to fully protect that designated use. EPA, *Methodology for Deriving Ambient Water Quality Criteria for the Protection of Human Health* at 1-12 (2000), *available at* http://perma.cc/0Ug1xn41Q88. Shortly after EPA issued its 2000 guidance on fish consumption and human health criteria, a Federal Advisory Committee to EPA issued a Report regarding the need for states to ensure that all populations are protected, including those that have particularly high fish consumption rates for cultural, religious, social, and/or economic reasons. National Environmental Justice Advisory Committee, *Fish Consumption and Environmental Justice* (2002), *available at* http://perma.cc/0D64qSMD6s8 ("Environmental Justice Report"). The Environmental Justice Report confirmed and emphasized the need for states to use data reflective of actual consumption rates of various communities and to set standards that are protective of consumers at those rates. *Id.* at 30-32. The Environmental Justice Report also emphasized the need to consider that some consumption rates may currently be suppressed due to reduced fish availability and other factors.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                        -8-

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA  98104-1711
(206) 343-7340

*Id.* at 43-49.

25. Surveys show that actual consumption of fish by residents of Washington is far greater than 6.5 g/day resulting in human health water quality standards that do not adequately protect designated uses. As EPA stated in its proposed rule:

> Surveys of local residents in the Pacific Northwest, including tribes and recreational anglers, reflect high consumption levels of fish and shellfish—much higher than the 6.5 g/day rate that EPA used in 1992 to derive Washington's human health criteria in the NTR. Since that time, data have become available that better represent regional and local fish consumption in Washington . . . .

80 Fed. Reg. 55,063, 55,066 (Sept. 14, 2015).

26. Surveys of various communities in Washington—a number of which were cited by EPA in its 2000 Guidance and in the 2002 Environmental Justice Report—from Native American tribal members to members of the Pacific Islander and Asian communities to recreational fishermen, show consumption rates well in excess of 6.5 g/day. Some surveys show consumption rates of 200, 300, and over 500 g/day, even without considering suppressed consumption due to severely reduced stocks of salmon, shellfish, and other fish relied upon by various Washington residents.

27. Accordingly, EPA determined that:

> the 6.5 g/day [fish consumption rate] that EPA used to derive the current human health criteria applicable to Washington does not account for these more recent local data, nor suppression in fish consumption (as discussed earlier). In addition, the 6.5 g/day FCR does not account for EPA's 2000 recommendation to use an upper percentile of fish consumption data for the target general population (as with EPA's current national FCR of 22 g/day) rather than an average.

80 Fed. Reg. 55,063, 55,066 (Sept. 14, 2015).

28. As a result, the human health water quality standards applicable in Washington are inaccurate and do not protect designated uses. EPA went on to state that:

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF     -9-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104-1711*
*(206) 343-7340*

[b]ecause Washington's existing human health criteria, as promulgated by EPA in the NTR, are no longer protective of the applicable designated uses per the CWA and EPA's regulations at 40 CFR 131.11, <u>EPA determines under CWA section 303(c)(4)(B)</u> that new or revised WQS for the protection of human health are necessary to meet the requirements of the CWA for Washington.

80 Fed. Reg. 55,063, 55,066 (Sept. 14, 2015) (emphasis added).

29.     EPA published proposed water quality standards revisions applicable to Washington in accordance with its obligations under 33 U.S.C. § 1313(c)(4) at the time of its determination, on September 14, 2015.

30.     The Clean Water Act requires that where EPA has determined a state's water quality standard does not meet the requirements of the Clean Water Act and that a new or revised standard is necessary to comply with the requirements of the Clean Water Act, EPA must promptly promulgate a new or revised standard and finalize that standard within 90 days of publishing the proposed standard unless the state steps in and corrects the problem.  33 U.S.C. § 1313(c)(4).

31.     The ninety-day deadline for publication of a final rule is not discretionary; EPA must finalize the rule within ninety days of its issuance of a proposed rule, which occurred on September 14, 2015.  It has not done so.  Ninety days from September 14, 2015, was December 14, 2015.

32.     By failing to finalize human health criteria water quality standards based on an accurate fish consumption rate for Washington that adequately protects designated uses, including for subsistence populations in the state, EPA is in violation of a mandatory statutory duty.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                    -10-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104-1711*
*(206) 343-7340*

FIRST CAUSE OF ACTION

33.     Plaintiffs restate and reallege all preceding paragraphs.

34.     EPA determined on September 14, 2015, that Washington's current human health criteria and fish consumption rate are inadequate to protect designated uses under the Clean Water Act and that a revised or new fish consumption rate and attendant human health criteria is necessary to protect Washington fish consumers and fishing designated uses under the Clean Water Act.  80 Fed. Reg. 55,063, 55,066-67 (Sept. 14, 2015).

35.     On September 14, 2015, EPA issued a proposed rule to revise Washington's inadequate human health criteria and fish consumption rate.  80 Fed. Reg. 55,063 (Sept. 14, 2015).

36.     EPA has violated its mandatory duty under the Clean Water Act, 33 U.S.C. § 1313(c)(4), by failing to finalize and promulgate revised human health criteria based on an accurate fish consumption rate for Washington that adequately protects designated uses after determining that Washington's current fish consumption rate and human health criteria are inadequate.

37.     EPA's continuing violations have caused, and will continue to cause, direct and immediate harm to fish consumers in Washington.

38.     EPA's continuing violations injure the health, recreational, environmental, aesthetic, commercial, and/or other interests of Plaintiffs and their members.

39.     Based upon the foregoing and 33 U.S.C. § 1313(c)(4), Plaintiffs are entitled to an order requiring EPA to finalize and promulgate regulations setting forth a revised fish consumption rate and attendant human health criteria for Washington State.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF            -11-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104-1711*
*(206) 343-7340*

40.     Further, pursuant to 33 U.S.C. § 1365, Plaintiffs are entitled to recover costs, including attorneys' fees, to the extent they are successful in this action.

## REQUEST FOR RELIEF

BASED UPON THE FOREGOING, Plaintiffs request the following relief:

A.     A declaration that EPA is in violation of the Clean Water Act by failing to adopt a revised fish consumption rate for Washington after determining that a revision of Washington's current fish consumption rate is necessary to comply with the Clean Water Act;

B.     A declaration that EPA is in violation of the Clean Water Act by failing to adopt human health criteria for toxic pollutants based on a revised fish consumption rate for Washington after determining that a revision of Washington's current fish consumption rate is necessary to comply with the Clean Water Act;

C.     An injunction requiring EPA to comply with the Clean Water Act by finalizing and issuing the regulations published on September 14, 2015, setting forth a revised fish consumption rate and human health criteria for Washington within thirty (30) days of the Court's order;

D.     An award of Plaintiffs' costs and reasonable attorneys' fees pursuant to 33 U.S.C. § 1365; and

E.     Such further relief as the Court deems just and equitable.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                        -12-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104-1711*
*(206) 343-7340*

Respectfully submitted this 26th day of February, 2016.

s/ Janette K. Brimmer
JANETTE K. BRIMMER (WSB #41271)


s/ Matthew R. Baca
MATTHEW R. BACA (WSB #45676)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104-1711
(206) 343-7340 | Phone
(206) 343-1526 | Fax
jbrimmer@earthjustice.org
mbaca@earthjustice.org

*Attorneys for Plaintiffs Puget Soundkeeper Alliance,
Center for Justice, RE Sources for Sustainable
Communities, Pacific Coast Federation of
Fishermen's Associations, and
Institute for Fisheries Resources*

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF                    -13-

Case 2:16-cv-00293   Document 1-1   Filed 02/26/16   Page 14 of 22

# EXHIBIT A



EARTHJUSTICE

ALASKA  CALIFORNIA  FLORIDA  MID-PACIFIC  NORTHEAST  NORTHERN ROCKIES
NORTHWEST  ROCKY MOUNTAIN  WASHINGTON, DC  INTERNATIONAL

December 21, 2015

*Via Certified Mail*
*Return Receipt Requested*

Gina McCarthy
Administrator
US Environmental Protection Agency
Ariel Rios Building, M/C 1101A
1200 Pennsylvania Avenue, NW
Washington, DC  20460-0003

Dennis McLerran
Regional Administrator
US Environmental Protection Agency, Region 10
1200 Sixth Avenue, Suite 900
Seattle, WA  98101-3140

RE:   Notice of Violation of Non-Discretionary Duty to Propound Washington State
      Fish Consumption Rate Under 33 U.S.C. § 1313

Dear Ms. McCarthy and Mr. McLerran:

On behalf of Puget Soundkeeper Alliance, Spokane Riverkeeper, North Sound
Baykeeper, Pacific Coast Federation of Fishermen's Associations, and the Institute for Fisheries
Resources ("Waterkeepers Washington"),[1] we ask that you take immediate action to remedy
ongoing violations of a non-discretionary duty under the Clean Water Act ("CWA"). As fully
described below, the United States Environmental Protection Agency ("EPA") is in violation of
Clean Water Act Section 303 (33 U.S.C. § 1313(c)(4)), due to its failure to promulgate human
health criteria water quality standards based upon a protective fish consumption rate for
Washington State after having "determine[d] that a revised or new standard is necessary to meet
the requirements of [CWA section 303]." 80 Fed. Reg. 55,063, 55,066-67 (Sept. 14, 2015). This
letter constitutes a 60-day notice of intent to file a citizen suit against EPA pursuant to Section
505 of the CWA, 33 U.S.C. § 1365.

As EPA has long recognized, Washington's human health criteria water quality
standards—the amount of pollution a state deems tolerable—allow too much toxic pollution
because the formula used to develop these standards assumes that people eat very little fish, a

---

[1] Puget Soundkeeper Alliance, Spokane Riverkeeper, and North Sound Baykeeper are members
of the international Waterkeeper Alliance.

Gina McCarthy
Dennis McLerran
December 18, 2015
Page 2

mere 6.5 grams per day. Yet surveys of tribes in Washington show fish consumption rates of 200, 300 and even over 500 grams per day, even with consumption suppressed due to severely reduced stocks of salmon, shellfish, and other fish relied upon by many people in Washington. Despite these facts, Washington has relied on a woefully under-protective fish consumption rate and accompanying human health criteria water quality standards for nearly two decades. By using a low fish consumption rate, Washington's human health criteria water quality standards, which are intended to protect public health and aquatic resources, fail to achieve these objectives.

On September 14, 2015, EPA determined under 33 U.S.C. § 1313(c)(4)(B) that Washington's water quality standards are not adequate. 80 Fed. Reg. at 55,066-67. At the same time, EPA issued its own proposed rule to replace the inadequate standards. *See generally id.* That triggered EPA's duty to finalize a protective rule within ninety days. 33 U.S.C. § 1313(c)(4). EPA has not finalized a rule. For the reasons explained below, EPA has violated its mandatory duty under the CWA, 33 U.S.C. § 1313(c)(4), by failing to promulgate human health criteria based on an accurate fish consumption rate for Washington that adequately protects designated uses, including for all high-consuming populations in the state such as members of tribes, Asian-Pacific Islanders, and subsistence individuals.

I.      BACKGROUND

The CWA requires states to set water quality standards that are protective of the "fishable and swimmable" goals of the Act. *See* 33 U.S.C. § 1313. In particular, water quality standards are required to ensure that designated uses of waters are achieved and maintained. EPA is directed to review and approve or disapprove states' water quality standards, and if EPA disapproves a standard or determines a revised or new standard is necessary to meet the requirements of the CWA, EPA is required to step in and promptly promulgate the standards for the state, finalizing the revised standard within ninety days of the proposed rule. *See id* § 1313(c)(4). EPA has repeatedly emphasized the necessity of setting fish consumption rates that protect the ability of people to eat normal, healthy amounts of fish (a designated use) without taking on a burden of toxic chemicals.

Despite EPA guidance and specific direction, Washington State has <u>never</u> properly adopted a fish consumption rate as part of its state water quality standards and instead relies on the outdated National Toxics Rule that provides for consumption of only 6.5 grams of fish or shellfish per day, about the amount that fits on a cracker, slightly less than ½ pound a month. In the Pacific Northwest, community surveys dating back a decade, repeatedly acknowledged and utilized by EPA in various guidance documents and directions to states, show that fish is consumed at a higher rate than many other parts of the nation, and certain populations consume fish at significantly higher rates than the general population.

Gina McCarthy
Dennis McLerran
December 18, 2015
Page 3

Surveys of Native American tribes in Washington show consumption rates of 796 and 205-280 grams per day ("g/day"),[2] even with consumption suppressed due to severely reduced stocks and contamination of salmon, shellfish, and other fish relied upon by these tribes.[3] A survey of Pacific-Asian communities in the Puget Sound region reflect consumption rates of 170 g/day. *See, e.g.*, Nat'l Environmental Justice Advisory Council Meeting (a Federal Advisory Committee to the U.S. Environmental Protection Agency), *Fish Consumption and Environmental Justice* (Dec. 2001 (rev'd Nov. 2002)) ("Environmental Justice Report"); EPA, *Guidance for Assessing Chemical Contaminant Data for Use in Fish Advisories, Vol. 2 Risk Assessment and Fish Consumption Limits, 3d ed.*, at 1-6 through 1-9 (Nov. 2000) ("Fish Advisories Guidance"). One recent EPA document noted survey data showing adult Suquamish tribal members have a fish consumption rate totaling 584.2 g/day. EPA, Record of Decision: Lower Duwamish Waterway Superfund Site App'x B at 33 & n.46 (Nov. 2014). EPA also highlighted that the Muckleshoot and Suquamish Tribes have raised the issue of their fish consumption rates being suppressed as a result of fishing conditions. *Id. See also* Comment Letters from Confederated Tribes and Bands of the Yakama Nation, March 25, 2014 (noting Yakama has higher consumption rates and never "agreed" to 175 g/day); The Tulalip Tribes, March 28, 2014; Puyallup Tribe of Indians, April 9, 2014; Stillaguamish Tribe of Indians, April 2, 2014 (noting that consumption has been suppressed due to efforts to build up salmon runs decimated by non-Indian actions). The NWIFC has compiled a table of tribal fish consumption rates, showing some as high as 918 g/day as of 2013. NWIFC, Comments on the Draft Rule for WA Water Quality Standards at 28 (Mar. 23, 2015) *available at* http://www.ecy.wa.gov/programs/wq/ruledev/wac173201A/comments/0060ss.pdf.

II.    THE EPA ADMINISTRATOR IS IN VIOLATION OF A NON-DISCRETIONARY DUTY BY FAILING TO PROMULGATE A FISH CONSUMPTION RATE FOR THE STATE OF WASHINGTON WITHIN NINETY DAYS OF ISSUING ITS PROPOSED RULE.

A.    Legal Framework.

The CWA requires the development of water quality standards, which are narrative and/or numeric standards designed to protect designated uses of our nation's waters. In short,

---

[2] In 2008, a fish consumption rate of 586 g/day was established for native subsistence consumers on the Lower Elwha, related to the Rayonier cleanup near Port Angeles, Washington.

[3] Failing to take into account suppression of consumption due to depletion and contamination factors also leads to a downward water- and fish-contamination spiral where consumers are not adequately protected so they eat less fish out of fear of the higher levels of contamination that have been allowed (based on suppressed instead of accurate consumption rates), which in turn affects future surveys. EPA recognized the importance of considering unsuppressed fish consumption rates in its proposed rule and considered those rates in Washington. 80 Fed. Reg. at 55,066 & 55,068.

Gina McCarthy
Dennis McLerran
December 18, 2015
Page 4

water quality standards are required to protect the integrity of our nation's waters for "fishing and swimming;" that is, they are to protect the biological and human health needs associated with our waters. 33 U.S.C. §§ 1251 and 1313. The CWA provides for a dual state and federal effort in ensuring that those requirements of the law are timely and well met.

While a state is given the first opportunity to set water quality standards that meet those requirements, the law assigns EPA the critical role of oversight to ensure that states act promptly to develop and keep current protective water quality standards; EPA must quickly step in if the state does not. *Id.* § 1313(a) through (c). The CWA also requires that when EPA has determined a state's water quality standards do not meet the requirements of the CWA and that a new or revised standard is necessary to comply with the requirements of the CWA, EPA must promptly promulgate a new or revised standard and finalize that standard within 90 days of publishing the proposed standard unless the state steps in and corrects the problem. *See* 33 U.S.C. § 1313(c)(4). EPA has a duty to act under this provision.

B.     Recent Timeline of Attempted Revisions to Washington's Water Quality Standards.

EPA has repeatedly informed Ecology that Washington's human health criteria water quality standards are inadequate. For the last five years, since 2010, on at least seven occasions, EPA has repeatedly informed Washington that Washington's fish consumption rate of 6.5 g/day is not accurate and that the human health water quality criteria based on that rate is not sufficiently protective of human health and designated uses. *See* Correspondence from EPA to Washington Department of Ecology from Nov. 10, 2010; Dec. 16, 2010; Jan. 17, 2012; Sept. 6, 2012; June 21, 2013; Apr. 8, 2014; and Dec. 18, 2014.

Despite EPA's repeated direction for Washington State to revise the state's inadequate standards, Washington State's attempts to revise its human health criteria water quality standards have been repeatedly and purposely delayed, unsupported by fact and law, discriminatory, and ultimately ineffective. On January 12, 2015, the Washington Department of Ecology released a proposed rule to revise Washington State's water quality standards. *See* Washington Dept. of Ecology, WAC 173-201A Proposed Revisions (Jan. 12, 2015) ("Ecology Proposed Rule"), *available at* http://www.ecy.wa.gov/laws-rules/wac173201a/p1203.pdf. The proposed rule was inadequate and problematic. For example, it used an unacceptably high cancer risk rate of 1 x $10^{-5}$ (except for PCBs, for which Ecology used an even less protective risk rate). Ecology Proposed Rule at 13 n.C, n.E. The rule also was riven with loopholes that would have undone any progress on protecting human health. *See id.* at 13-21 (proposing variances, compliance delays, and intake credits). EPA, along with tribes, conservation groups, commercial fishing groups, and public health advocates pointed out myriad unacceptable flaws in the proposal. A related bill to expand Ecology's authority to control pollution control in the state failed in the Legislature, and Ecology ultimately withdrew the proposal, with no replacement on the horizon, on August 4, 2015.

Gina McCarthy
Dennis McLerran
December 18, 2015
Page 5

After this latest delayed and failed attempt by the state, EPA, as required by the Clean Water Act, finally stepped in and proposed its own human health criteria water quality standards on September 14, 2015. 80 Fed. Reg. 55,063. At that time, EPA found that

> [b]ecause Washington's existing human health criteria, as promulgated by EPA in the NTR, are no longer protective of the applicable designated uses per the CWA and EPA's regulations at 40 CFR 131.11, EPA determines under CWA section 303(c)(4)(B) that new or revised WQS for the protection of human health are necessary to meet the requirements of the CWA for Washington.

*Id.* at 55,066. EPA initially set the comment deadline for its proposed rule as November 13, 2015, allowing EPA adequate time to finalize the rule within the time period dictated by the Clean Water Act. *Id.* However, EPA moved that deadline to December 28, 2015, and has not indicated when it will finalize the rule. 80 Fed. Reg. 65,980 (Oct. 28, 2015).

    C.    <u>EPA's Violation.</u>

EPA has a mandatory duty under 33 U.S.C. § 1313(c)(4) to finalize water quality standards for Washington after making a determination that "the Administrator determines that a revised or new standard is necessary." The timing of issuance of the new rule is not discretionary; EPA must finalize the rule within ninety days of its issuance of a proposed rule, which occurred on September 14, 2015. It has not done so. Ninety days from September 14, 2015 was December 14, 2015. By failing to promulgate human health criteria based on an accurate fish consumption rate for Washington that adequately protects designated uses, including for subsistence populations in the state, EPA is in violation of a statutory duty.

IDENTITY AND ADDRESSES OF WATERKEEPERS WASHINGTON

Puget Soundkeeper Alliance
Chris Wilke, Executive Director
130 Nickerson Street, Suite 107
Seattle, WA 98109-1658

Spokane Riverkeeper (Center for Justice)
Jerry White, Director
35 W. Main Avenue, Suite 300
Spokane, WA 99201-0119

North Sound Baykeeper (RE-Sources, Inc.)
Wendy Steffenson, Project Manager
2309 Meridian Street
Bellingham, WA 98225-2403

Gina McCarthy
Dennis McLerran
December 18, 2015
Page 6


Pacific Coast Federation of Fishermen's Associations
Glen Spain, Northwest Regional Dir.
PO Box 11170
Eugene, OR  97440-3370

Institute for Fisheries Resources-NW Office
Glen Spain
PO Box 11170
Eugene, OR  97440-3370

Counsel for Waterkeepers Washington
Janette Brimmer and Matthew Baca
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104-1711

## CONCLUSION

EPA is in continuing violation of the Clean Water Act, 33 U.S.C. § 1313(c)(4). Waterkeepers Washington provide this Notice for the continuing violation outlined above, including if the violation continues subsequent to the date of this Notice.  This Notice is given pursuant to 33 U.S.C. § 1365.

Waterkeepers Washington send this notice after years of attempts to persuade Washington State and EPA to protect people who eat fish by adopting accurate, protective human health criteria water quality standards.  EPA's proposed rule is, in many ways, scientifically defensible and would represent a tremendous step forward for consumers of fish in Washington State, and Waterkeepers Washington seek to finalize and build on that effort. Waterkeepers Washington continue to believe that this issue should be resolved without the initiation of litigation and without devoting resources to court proceedings.  We stand ready to work with you in good faith to resolve EPA's violations.  However, unless this violation is cured within sixty days by the promulgation of a final rule incorporating an accurate fish consumption rate and protective standards into new human health criteria, we reserve the right to take appropriate legal action to compel EPA to comply with the CWA and to protect consumers of fish and shellfish in Washington State.

Gina McCarthy
Dennis McLerran
December 18, 2015
Page 7

Please contact the undersigned should you have any questions.

Sincerely,

Janette K. Brimmer
Matthew R. Baca

cc:     Maia Bellon, Director
        Washington State Department of Ecology
        PO Box 47600
        Olympia, WA  98504-7600
        *Via U.S. Mail*

        Loretta E. Lynch
        United States Attorney General
        US Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC  20530-0001
        *Via U.S. Mail*

        Puget Soundkeeper Alliance
        Chris Wilke, Executive Director
        130 Nickerson Street, Suite 107
        Seattle, WA  98109-1658
        *Via Email*

        Spokane Riverkeeper (Center for Justice)
        Jerry White, Director
        35 W. Main Avenue, Suite 300
        Spokane, WA  99201-0119
        *Via Email*

        North Sound Baykeeper (RE-Sources, Inc.)
        Wendy Steffenson, Project Manager
        2309 Meridian Street
        Bellingham, WA  98225-2403
        *Via Email*

Gina McCarthy
Dennis McLerran
December 18, 2015
Page 8


Pacific Coast Federation of Fishermen's Associations
Glen Spain, Northwest Regional Dir.
PO Box 11170
Eugene, OR  97440-3370
*Via Email*

Institute for Fisheries Resources-NW Office
Glen Spain
PO Box 11170
Eugene, OR  97440-3370
*Via Email*

Northwest Indian Fisheries Commission
6730 Martin Way E.
Olympia, WA  98516-5540
*Via Email*

Columbia River Inter-Tribal Fish Commission
700 NE Multnomah St., Suite 1200
Portland, Oregon  97232-4124
*Via Email*