UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | CASE NO. C16-0293JLR <br><br> ORDER DENYING MOTION TO INTERVENE |

## I. INTRODUCTION

Before the court is Northwest Pulp & Paper Association's ("NWPPA") motion to intervene pursuant to Federal Rule of Civil Procedure 24. (*See* Mot. (Dkt. # 10).) Plaintiffs Puget Soundkeeper Alliance, Center for Justice, RE Sources for Sustainable Communities, Pacific Coast Federation of Fisherman's Associations, and the Institute for Fisheries Resources (collectively, "Plaintiffs") "take no position" on whether the court

ORDER- 1

should grant the motion, but if the court grants the motion Plaintiffs ask the court to condition NWPPA's intervention to avoid delay of the case. (Resp. (Dkt. # 13) at 1-2.) Defendants United States Environmental Protection Agency (the "EPA") and Gina McCarthy, the Administrator of the EPA (collectively, "Defendants"), have not responded to the motion to intervene. (*See* Dkt.) Having considered all submissions pertaining to the motion,[1] the balance of the record, and the relevant law, the court DENIES NWPPA's motion to intervene.

## II.    BACKGROUND

On February 26, 2016, Plaintiffs filed their complaint in this action. (Compl. (Dkt. # 1).) They bring injunctive claims against the EPA for violating the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq*. The CWA requires states to enact regulations that comply with the CWA. *See* 33 U.S.C. § 1313. If at any time the Administrator of the EPA determines that a state's regulations are noncompliant with the CWA, the Administrator "shall promptly prepare and publish proposed regulations setting forth a revised or new water quality standard for the navigable waters involved." *Id.* § 1313(c)(4); *see also id.* § 1251 (defining "Administrator"). Section 1313 goes on to state that the Administrator "shall promulgate" such "revised or new standard . . . not later than ninety days after" publishing proposed standards. *Id.* § 1313(c)(4).

Plaintiffs allege that the EPA issued a proposed revised standard to remedy Washington's noncompliant water quality standards on September 14, 2015, but has not

---

[1] No party has requested oral argument, and the court finds it unnecessary. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER- 2

should grant the motion, but if the court grants the motion Plaintiffs ask the court to condition NWPPA's intervention to avoid delay of the case. (Resp. (Dkt. # 13) at 1-2.) Defendants United States Environmental Protection Agency (the "EPA") and Gina McCarthy, the Administrator of the EPA (collectively, "Defendants"), have not responded to the motion to intervene. (*See* Dkt.) Having considered all submissions pertaining to the motion,[1] the balance of the record, and the relevant law, the court DENIES NWPPA's motion to intervene.

## II.    BACKGROUND

On February 26, 2016, Plaintiffs filed their complaint in this action. (Compl. (Dkt. # 1).) They bring injunctive claims against the EPA for violating the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq*. The CWA requires states to enact regulations that comply with the CWA. *See* 33 U.S.C. § 1313. If at any time the Administrator of the EPA determines that a state's regulations are noncompliant with the CWA, the Administrator "shall promptly prepare and publish proposed regulations setting forth a revised or new water quality standard for the navigable waters involved." *Id.* § 1313(c)(4); *see also id.* § 1251 (defining "Administrator"). Section 1313 goes on to state that the Administrator "shall promulgate" such "revised or new standard . . . not later than ninety days after" publishing proposed standards. *Id.* § 1313(c)(4).

Plaintiffs allege that the EPA issued a proposed revised standard to remedy Washington's noncompliant water quality standards on September 14, 2015, but has not

---

[1] No party has requested oral argument, and the court finds it unnecessary. *See* Local Rules W.D. Wash. LCR 7(b)(4).

yet issued a final standard. (Compl. ¶ 35.) Because the EPA's 90-day window to promulgate a final standard has passed, Plaintiffs seek a declaration that the EPA has failed to comply with the provision in the Clean Water Act that provides the following:

> The Administrator shall promulgate any revised or new standard under this paragraph not later than ninety days after he publishes such proposed standards, unless prior to such promulgation, such State has adopted a revised or new water quality standard which the Administrator determines to be in accordance with this chapter.

33 U.S.C. § 1313(c)(4); (*see also* Compl. ¶¶ 5-8.) Plaintiffs seek an order compelling the EPA to issue final standards no later than 30 days after the entry of the order. (*See* Compl. at 12.) On March 1, 2016, Plaintiffs moved for summary judgment seeking that relief. (MSJ (Dkt. # 4).)

NWPPA, a "nonprofit trade association representing Washington, Oregon and Idaho pulp and paper manufacturers on environmental and energy public policy issues," submitted written comments regarding the EPA's proposed rule on December 18, 2015. (McCabe Decl. (Dkt. # 11) ¶¶ 1, 4.) On March 3, 2016, NWPPA moved to intervene as a defendant as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Rule 24(b)(1). (Mot at 1-2.) Pursuant to Rule 24(c), NWPPA submitted a proposed answer to Plaintiffs' complaint, which states as affirmative defenses failure to state a claim, lack of jurisdiction, improper venue, res judicata, collateral estoppel, failure to exhaust administrative remedies, lack of standing, lack of ripeness, and mootness. (*See* Mot. Ex. A ("NWPPA Prop. Ans.") (Dkt. # 10-1) at 5.) Defendants have not yet filed a responsive pleading in this case, and pursuant to the

ORDER- 3

parties' stipulated briefing schedule, Defendants' response to Plaintiffs' motion for summary judgment is due on April 27, 2016. (*See* 3/11/16 Order (Dkt. # 15).)

### III.   ANALYSIS

#### A.   Intervention as of Right

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a)(2). When analyzing a motion to intervene of right, courts apply a four-part test:

> (1) the motion must be timely;
> (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;
> (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
> (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). On a motion to intervene, a district court must accept as true the nonconclusory allegations of the motion and proposed answer. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). The Ninth Circuit construes Rule 24(a) liberally in favor of potential intervenors. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440-41 (9th Cir. 2006). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

There is no indication that NWPPA's motion is untimely or that disposition of the action would not impair NWPPA's interest. (*See generally* Resp.; Reply (Dkt. # 16) at 2 ("EPA has indicated that it will take no position on the motion to intervene and will not file a response.").) However, despite "tak[ing] no position" on the motion to intervene,

ORDER- 4

Plaintiffs question whether NWPPA meets element four. (*See* Resp. at 2 ("It is unclear whether NWPPA has a unique interest in a federal agency meeting Congressionally mandated deadlines. . . . [I]t is difficult to imagine what defense or argument NWPPA can offer that will differ from the defense asserted by the [EPA] itself.").)

The Ninth Circuit examines three factors in evaluating adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Where a prospective intervenor and an existing party share the same objective, however, "a presumption of adequacy of representation arises." *Citizens for Balanced Use*, 647 F.3d at 898 (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)). A similar presumption arises "when the government is acting on behalf of a constituency it represents" in the action. *Arakaki*, 324 F.3d at 1086. To rebut either of these presumptions, "an applicant must make a 'compelling showing' of inadequacy of representation." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki*, 324 F.3d at 1086).

NWPPA attempts to differentiate its interests from the EPA's interests in two ways. (*See* Mot. at 9.) First, NWPPA argues that EPA represents "interests of the general public" whereas NWPPA represents the "narrower economic and other interests

ORDER- 5

of its members." (*Id.*; *see also* Reply at 2 n.1.) Second, NWPPA differentiates the EPA's "interest in publishing a final rule . . . that reflects the criteria set out in its Proposed Rule" from NWPPA's interest "in [the] EPA's promulgation of a final rule that reflects NWPPA's comments and concerns." (Mot. at 9.)

By offering these two abstract differentiations, both of which concern the content of the final rule, NWPPA overlooks the actual claim at issue in this litigation. Plaintiffs "bring a single legal claim: EPA has failed to meet its mandatory duties by the deadlines set in the Clean Water Act." (Resp. at 2 (citing 33 U.S.C. § 1313(c)(4)); *see also* Compl. ¶¶ 5-8.) They seek a declaratory judgment that the EPA has unlawfully delayed and an order requiring the EPA to "to comply with the Clean Water Act by finalizing and issuing the regulations published on September 14, 2015, setting forth a revised fish consumption rate and human health criteria for Washington within thirty (30) days of the Court's order." (Compl. at 12.)

NWPPA apparently reads this language as a request that "this Court order EPA to adopt the Proposed Rule as a final rule, ignoring comments from NWPPA and other stakeholders." (Mot. at 11.) This interpretation of Plaintiffs' plea for relief is incorrect. Plaintiffs seek an injunction requiring the EPA to "finaliz[e] and issu[e]" the relevant regulations within 30 days, not an order requiring the EPA to simply adopt the proposed regulations as final regulations. (*See* Compl. ¶¶ 7-8; MSJ at 2 ("[Plaintiffs] request[] an order from the Court requiring EPA to finalize the proposed revised fish consumption rate and human health water quality standards for Washington within 30 days of the Court's order."), 15 ("For the foregoing reasons, [Plaintiffs] respectfully request[] that the

ORDER- 6

Court grant [their] motion for summary judgment and that the Court order EPA to finalize and promulgate its revised human health criteria for Washington within 30 days of the court's order."); *see also* 33 U.S.C. § 1313(c)(4) ("The Administrator shall promulgate any revised or new standard under this paragraph not later than ninety days after he publishes such proposed standards . . . ."); *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("[W]hen an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be."). Thus, although NWPPA is correct that its interests in the substance of the regulations diverge from the EPA's, that divergence is unrelated to this litigation, which concerns the timing of the final regulations, and is therefore irrelevant to the instant motion.[2]

---

[2] NWPPA argues that "[w]here applicants for intervention such as NWPPA have private interests—or even narrower public interests than those of existing governmental parties that represent a broader public interest—this is sufficient to demonstrate that the existing governmental parties do not adequately represent their interests." (Mot. at 9.) However, all four of the cases that NWPPA cites in support of this proposition involved claims addressing the substance of administrative permits or regulations, whereas Plaintiffs in this case seek to compel the EPA to timely issue regulations without regard to their content. *Am. Farm Bureau Fed'n v. U.S. E.P.A.*, 278 F.R.D. 98, 100-01, 110 (M.D. Pa. 2011) (allowing private entities to intervene in a suit that sought to vacate the total maximum daily load of pollutants discharged into the Chesapeake Bay and its tributaries); *Citizens for Balanced Use*, 647 F.3d at 895-96, 900-01 (reversing the district court's denial of three conservation groups' motion to intervene as of right in a challenge to the United States Forest Service's travel management plan for certain wilderness areas); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1491, 1498-99 (9th Cir. 1995) (reversing the district court's denial of the State of Arizona and Apache County's motion to intervene as of right in an action to enjoin the United States Forest Service from "taking any action in connection with the sale of timber"), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); *Sierra Club v. E.P.A.*, 995 F.2d 1478, 1481 (reversing the district court's denial of the City of Phoenix's motion to intervene as of right in a case seeking to compel the EPA to alter the restrictions contained in discharge permits issued in Arizona, where adequacy of representation "ha[d] not been put at

Put simply, this case poses a single question to this court: Can Plaintiffs compel the EPA to issue final regulations within a certain period of time? Defendants and NWPPA want the answer to this question to be "no." In other words, Defendants and NWPPA share the same "ultimate objective"—to afford the EPA sufficient time to fully consider comments to the proposed rule, such as NWPPA's, before issuing a final rule. *Citizens for Balanced Use*, 647 F.3d at 898; (*see also* McCabe Decl. ¶ 4.)

Because Defendants and NWPPA share a common ultimate objective, NWPPA must make a "compelling showing" that the EPA inadequately represents its interests. *Citizens for Balanced Use*, 647 F.3d at 898. Aside from the abstract differentiations discussed above, NWPPA makes only conclusory assertions that Defendants might fail to represent its interests. (*See* Mot. at 9 ("NWPPA's interests are considerably different that [sic] the interests of Defendant EPA. . . . [The EPA] does not represent NWPPA's interests and may not be capable of making or willing to make all the arguments that NWPPA would make in support of its interests."); Reply at 2 n.1 ("NWPPA's interest are considerably different than the interests of Defendant EPA.").) These assertions do not constitute the requisite "compelling showing" that Defendants may fail to represent NWPPA's interests in this action. Furthermore, there is no indication that Defendants

---

issue"), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173; (*see also* Mot. at 9-10 (citing *Am. Farm Bureau, Citizens for Balanced Use, Forest Conservation Council*, and *Sierra Club*); Reply at 2 n.1 (citing Mot. at 9-10).) This distinction between challenges to substance and challenges to timeliness differentiates this case from those that NWPPA cites in support of its motion to intervene.

ORDER- 8

lack the incentive, means, or ability to raise any of the nine affirmative defenses that NWPPA states in its proposed answer. (*See* NWPPA Prop. Ans. at 5.)

Even under this Circuit's liberal standard, NWPPA has made no showing that it is entitled to intervene under Rule 24(a)(2). The court next turns to NWPPA's alternative argument that the court should allow NWPPA to intervene under Rule 24(b)(1)(B).

**B.     Permissive Intervention**

In the alternative, NWPPA seeks to intervene pursuant to Rule 24(b)(1)(B), which grants the court discretion to allow intervention by any party that "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); (Mot. at 10.) "Permissive intervention 'requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Undue delay and unfair prejudice to the existing parties are among the relevant considerations when exercising this discretion. *See id.*

The court need not reach the threshold requirements because the court concludes that NWPPA's intervention would prejudice Plaintiffs by unduly delaying and complicating this case. Plaintiffs seek to compel the EPA to issue final rules that Plaintiffs allege are already overdue, making time of the essence in this case. (*See* Resp.

ORDER- 9

at 2-3.)  The court has concluded that NWPPA fails to show the inadequacy of representation by Defendants, and thus intervention would serve only to complicate and delay this case.  *See supra* § III.A.  Furthermore, NWPPA has expressed resistance in response to Plaintiffs' request that the court place conditions on intervention.  (Reply at 4.)  Given NWPPA's lack of a unique interest and the time-sensitivity of the case, the court exercises its discretion to deny NWPPA's motion to permissively intervene as a defendant.

### IV.   CONCLUSION

For the foregoing reasons, the court DENIES NWPPA's motion to intervene (Dkt. # 10).

Dated this 6th day of April, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 10