UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, CENTER FOR JUSTICE, RE SOURCES FOR SUSTAINABLE COMMUNITIES, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, and INSTITUTE FOR FISHERIES RESOURCES,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and GINA McCARTHY, Administrator, United States Environmental Protection Agency,<br><br>*Defendants*. | CASE NO. 2:16-cv-00293-BJR<br><br>**MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART** |

**I. INTRODUCTION**

This case concerns the Clean Water Act ("CWA") and the obligation it imposes on states and the U.S. Environmental Protection Agency ("EPA") to develop accurate water quality standards to protect human health. A key factor in determining the requisite water quality standards for the State of Washington is the number of fish that people consume, otherwise known

1

as the fish consumption rate. Thus, if the fish consumption rate is inaccurate then water quality standards are inaccurate. Even more, if the fish consumption rate is inaccurate, water quality standards may allow far more toxins in fish, thereby threatening the health of fish consumers.

On September 14, 2015, EPA determined that Washington set its fish consumption rate too low, and proposed a new fish consumption rate for use in calculating Washington's water quality standards. Once EPA issued its proposed water quality standards, the agency had ninety days to promulgate revised water quality standards for Washington under the CWA. That deadline was December 14, 2015. EPA has not complied with that deadline.

As a result, Plaintiffs Puget Soundkeeper Alliance, Center for Justice (Spokane Riverkeeper), RE Sources for Sustainable Communities, Pacific Coast Federation of Fishermen's Associations, and Institute for Fisheries Resources (collectively "Waterkeepers Washington") filed suit against Defendants EPA and Administrator Gina McCarthy on February 26, 2016. Shortly thereafter, Waterkeepers Washington moved for summary judgment on March 1, 2016, seeking an injunction that ordered EPA to comply with the CWA and promulgate revised water quality standards within thirty days of a court order. (Doc. No. 4).

On May 6, 2016, Defendants also moved for summary judgment, agreeing that an injunction should be entered but contesting Plaintiffs' thirty-day timeframe. (Doc. No. 26). Defendants instead sought an injunction that ordered EPA to promulgate revised water quality standards for Washington by September 15, 2016 or, in the alternative, by November 15, 2016 if the State of Washington submits its own water quality standards by September 15, 2016.

After reviewing the briefs and all other relevant material properly before the Court, the Court will grant each Party's Motion for Summary Judgment in part. The Court's reasoning follows.

## II. BACKGROUND

*A. Statutory Background*

The CWA aims to "restore and maintain the chemical, physical, and biological integrity of the Nation's water." 33 U.S.C. § 1251(a) (2012). In efforts to achieve that overarching goal, the CWA sets a number of national goals and policies, such as eliminating all discharges of pollutants, attaining water quality that provides for the protection and propagation of fish, and prohibiting toxic pollutants in toxic amounts. *See id.* §§ 1251(a)(1)-(3). Accordingly, the CWA imposes obligations on states and EPA to develop, among other things, accurate water quality standards. *See generally* 33 U.S.C. § 1313 (2012).

The CWA requires states to devise water quality standards, hold public review of those standards once every three years, and submit those standards to EPA for approval. *Id.* §§ 1313(a), (c)(1)-(2)(A). If EPA rejects a state's proposed water quality standards, EPA must give the state ninety days to make the changes necessary to obtain approval. *Id.* § 1313(c)(3). If a state fails to make those changes, EPA must propose revised or new water quality standards for the state. *Id.* § 1313(c)(4)(A). In addition to working with states to develop water quality standards, EPA independently is required to propose water quality standards "in any case where the [EPA] determines that a revised or new standard is necessary." *Id.* § 1313(c)(4)(B). Once EPA publishes proposed water quality standards for a state pursuant to sections 1313(c)(4)(A) or 1313(c)(4)(B), EPA "shall promulgate" its proposal within ninety days. *Id.* § 1313(c)(4).

*B. Factual and Procedural Background*

Beginning in 2010, EPA informed Washington's Department of Ecology that Washington's fish consumption rate of 6.5 grams per day was too low and that Washington's water

quality standards failed to protect people whose diet contained fish. (Doc. No. 4, Exs. D, E, F, G, and H). On September 14, 2015, EPA published a formal determination finding that "fish consumers in Washington, including tribes with treaty-protected rights, consume much more fish than 6.5 g/day." Revision of Certain Federal Water Quality Criteria Applicable to Washington, 80 Fed. Reg. 55,063, 55,063 (proposed Sept. 14, 2015) (to be codified 40 C.F.R. pt. 131). Consequently, EPA proposed that Washington's water quality standards should be developed using a fish consumption rate of 175 grams per day. *Id.* at 55,067.

Once EPA issued its proposal, the agency had a non-discretionary duty under the CWA to promulgate revised water quality standards for Washington within ninety days. *See* 33 U.S.C. § 1313(c)(4). That deadline was December 14, 2015. EPA has not complied with that deadline. As a result, Washington Waterkeepers brought suit on February 26, 2016. (Doc. No. 1).

On March 1, 2016, Washington Waterkeepers moved for summary judgment seeking an injunction that required EPA to comply with the CWA and promulgate revised water quality standards within thirty days of a court order. (Doc. No. 4). On May 6, 2016, EPA also moved for summary judgment agreeing that the Court should enter an injunction but contesting Plaintiffs' timeframe. (Doc. No. 26). EPA requested that the Court order the agency to promulgate revised water quality standards by September 15, 2016 or, in the alternative, by November 15, 2016 if Washington submits its own water quality standards before September 15, 2016.[1]

### III. STANDARD OF REVIEW

A grant of summary judgment is appropriate if, upon viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

---

[1] This case was transferred to this Court on June 6, 2016.

*Assoc.*, 809 F.2d 626, 630-31 (9th Cir. 1987). Parties agree that there are no material facts in dispute. The only issue before the Court is legal in nature, and the matter is therefore ripe for summary judgment.

### IV. ANALYSIS

Typically, "a plaintiff seeking permanent injunctive relief must satisfy a four-factor test by showing: (1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1088 (9th Cir. 2015) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). It is well established that a "district court has 'broad latitude in fashioning equitable relief when necessary to remedy an established wrong.'" *See, e.g.*, *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 641 (2004) (quoting *Natural Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 999 (9th Cir. 2000)).

The Parties do not dispute that Defendants failed to comply with its non-discretionary duty to promulgate revised water quality standards for Washington within ninety days of issuing its September 14, 2015 proposal. The Parties additionally do not dispute whether an injunction should be entered. The sole issue before the Court therefore is when Defendants should promulgate water quality standards for Washington.

Plaintiffs request that the Court enter an injunction requiring Defendants to promulgate water quality standards within thirty days of the Court's order. Plaintiffs argue that its request "is reasonable given the critically important human health and environmental justice issues involved, the delay that has already occurred, and the fact that EPA has already developed and published

proposed standards." (Doc. No. 4, at 14). Plaintiffs additionally contend that the Court need not engage in the four-factor test for an injunction. If the Court did apply the four-factor test, however, Plaintiffs submit that each factor has been satisfied in this case. Namely, Plaintiffs demonstrated harm by providing nine declarations from fish consumers as well as commercial fishermen. (Doc. No. 25, at 5-6).

Defendants request that the Court enter an injunction imposing a deadline of September 15, 2016 or, in the alternative, November 15, 2016 if Washington submits water quality standards before September 15, 2016. Defendants contend that Plaintiffs must satisfy the four-factor test to obtain injunctive relief and that Plaintiffs have not presented any evidence to do so. (Doc. No. 26, at 9-13). A September 15, 2016 deadline, Defendants argue, provides time for EPA to "complete its work in a careful and thorough manner," to conclude interagency review, and to timely complete its work on water quality standards for Maine, Oregon, California, and Idaho. (*Id.*, at 11). If Washington adopts and submits its own water quality standards before the September 15, 2016 deadline, Defendants request a November 15, 2016 deadline to prevent unnecessary promulgation of federal criteria. (*Id.*, at 12).

Here, both parties agree that the Court should enter an injunction. Therefore, the Court is not persuaded by Defendants' position that it must engage in a four-factor test to determine whether injunctive relief is appropriate. *See, e.g.*, *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986-87 (9th Cir. 1994) (upholding district court decision that did not use four-factor injunction test to order EPA to comply with the CWA); *Idaho Conservation League v. Browner*, 968 F. Supp. 546, 549 (W.D. Wash. 1997) (ordering EPA to publish water quality standards when EPA missed a CWA deadline by seven months without applying four-factor injunction test).

The Court recognizes that when agency dereliction occurs, as it did here, "it is up to the courts in their traditional, equitable, and interstitial role to fashion the remedy." *Browner*, 20 F.3d at 987. The Court finds that Parties' respective requests for when Defendants should promulgate water quality standards are no longer far apart. Given the passage of time, the Court feels certain that setting a schedule in accordance with EPA's suggested dates will satisfy Plaintiffs' concerns.

## V. CONCLUSION

**IT IS HEREBY ORDERED** as follows:

1. The Court hereby **GRANTS** the Parties' Motions for Summary Judgment in part;

2. Defendants shall promulgate revised water quality standards for Washington no later than September 15, 2016;

3. If Washington submits its own water quality standards before September 15, 2016, Defendants shall either approve Washington's submission or sign a notice of final rulemaking action no later than November 15, 2016; and

4. Parties shall show cause as to why this case should not be dismissed.

An Order consistent with this Memorandum Opinion will be separately and contemporaneously issued on this same day, August 3, 2016.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE